**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

R. ALEXANDER ACOSTA, Secretary of
Labor, United States Department of Labor

                Plaintiff,

           -against-

DEPENDABLE CARE LLC d/b/a
HOPETON CARE; FARRAH RUBANI,
Individually; and YITZI DAVIDOWITZ,
Individually,

                Defendants.

Civ. No.: 19-CV-01081(ENV)(ST)

---------------------------------------------------------------x

TO:    FRANCES Y. MA, ESQ.
       U.S. DEPARTMENT OF LABOR
       OFFICE OF THE SOLICITOR
       201 Varick Street, Room 983
       New York, NY 11021
       (646) 264-3694

       LINDA S. AGNEW, ESQ.
       HARRAS BLOOM & ARCHER LLP
       *ATTORNEY FOR DEFENDANT*
       *FARRAH RUBANI*
       445 Broad Hollow Road, Suite 127
       Melville, New York 11747

**DEFENDANTS DEPENDABLE CARE LLC d/b/a HOPETON CARE AND
YITZI DAVIDOWITZ'S ANSWER TO PLAINTIFF'S COMPLAINT**

        Defendants, DEPENDABLE CARE LLC d/b/a HOPETON CARE ("Defendant Hopeton") and YITZI DAVIDOWITZ ("Defendant Davidowitz"), (collectively "Defendants"), by and through their undersigned attorneys, in response to the allegations in Plaintiff's Complaint ("Complaint"), state as follows:

## AS TO "JURISDICTION AND VENUE"

1. Defendants deny the allegations set forth in Paragraph "1" of the Complaint, except admits that Plaintiff purports to invoke jurisdiction pursuant to Section 17 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Defendants deny the allegations set forth in Paragraph "2" of the Complaint, except admits that Plaintiff purports to invoke jurisdiction of this Court as recited in Paragraph "2" of the Complaint.

## AS TO "FACTUAL ALLEGATIONS"
### "The Parties"

3. Defendants admit the allegations contained in Paragraph "3" of the Complaint, except deny that Plaintiff R. Alexander Acosta is the proper plaintiff for this action and that Plaintiff is entitled to any relief.

4. Defendants admit that Defendant Hopeton operated a place of business at 1122 Coney Island Avenue, Suite 205, Brooklyn New York 11230. Defendant Hopeton no longer operates a business. Defendants deny the remaining allegations contained in Paragraph "4" of the Complaint.

5. Defendants deny the allegations contained in Paragraph "5" of the Complaint, except admit that Hopeton, in the past, operated a home care agency.

6. Defendants deny the allegations contained in Paragraph "6" of the Complaint, except admit it provided home health aides to various consumers.

7. Paragraph "7" of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant Hopeton denies the allegations contained in Paragraph "7" of the Complaint.

8. Defendants admit the allegations contained in Paragraph "8" of the Complaint.

9. Paragraph "9" of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "9" of the Complaint.

10. Paragraph "10" of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "10" of the Complaint.

11. Paragraph "11" of the Complaint contains allegations that are vague and do not identify any specific factual allegation, and thus Defendants deny knowledge or information sufficient to form a belief as the truth or falsity of the allegations.

12. Paragraph "12" of the Complaint contains allegations that are vague and do not identify any specific factual allegation, and thus Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

13. Paragraph "13" of the Complaint contains allegations that are vague and do not identify any specific factual allegation, and thus Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

14. Paragraph "14" of the Complaint contains allegations that are vague and do not identify any specific factual allegation, and thus Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

15. Paragraph "15" of the Complaint contains allegations that are vague and do not identify any specific factual allegation, and thus Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

16. Paragraph "16" of the Complaint contains allegations that are vague and do not identify any specific factual allegation, and thus Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

17. Paragraph "17" of the Complaint contains allegations that are vague and do not identify any specific factual allegation, and thus Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

18. Paragraph "18" of the Complaint contains allegations that are vague and do not identify any specific factual allegation, and thus Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

19. Paragraph "19" of the Complaint contains allegations that are vague and do not identify any specific factual allegation, and thus Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

20. Paragraph "20" of the Complaint contains allegations that are vague and do not identify any specific factual allegation, and thus Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

21. Paragraph "21" of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that defendant Rubani acted directly and indirectly in the interest of Defendant Hopeton. Defendants deny the remaining allegations contained in Paragraph "21" of the Complaint.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "22" of the Complaint.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "23" of the Complaint.

24. Defendants deny the allegations contained in Paragraph "24" of the Complaint.

25. Defendants deny the allegations contained in Paragraph "25" of the Complaint.

26. Defendants deny the allegations contained in Paragraph "26" of the Complaint.

27. Defendants deny the allegations contained in Paragraph "27" of the Complaint.

28. Defendants deny the allegations contained in Paragraph "28" of the Complaint.

29. Defendants deny the allegations contained in Paragraph "29" of the Complaint.

30. Defendants deny the allegations contained in Paragraph "30" of the Complaint.

31. Defendants deny the allegations contained in Paragraph "31" of the Complaint.

32. Defendants deny the allegations contained in Paragraph "32" of the Complaint.

33. Defendants deny the allegations contained in Paragraph "33" of the Complaint.

34. Defendants deny the allegations contained in Paragraph "34" of the Complaint.

35. Defendants deny the allegations contained in Paragraph "35" of the Complaint.

36. Defendants deny the allegations contained in Paragraph "36" of the Complaint.

37. Defendants admit that Defendant Davidowitz performed certain clerical duties for Defendant Hopeton. Defendants deny the remaining the allegations contained in Paragraph "37" of the Complaint.

38. Paragraph "38" sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that Defendant Davidowitz was an "employer" within the meaning of the FLSA.

39. Defendants admit the allegations contained in Paragraph "39" of the Complaint.

### "Defendants' Employees Have Affected Commerce"

40. Defendants deny the allegations contained in Paragraph "40" of the Complaint.

41. Paragraph "41" of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required Defendants deny any allegations of fact and respectfully refer the Court to the cited statute for its complete content and meaning.

42. Paragraph "42" of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny any allegations of fact.

### "Defendant Hopeton Care Has Been an Enterprise Engaged in Commerce"

43. Defendant Hopeton Care admits the allegations contained in Paragraph "43" of the Complaint. Defendant Davidowitz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "43" of the Complaint.

44. Defendants Hopeton Care admits the allegations contained in Paragraph "44" of the Complaint. Defendant Davidowitz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "44" of the Complaint.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "45" of the Complaint.

46. Paragraph "46" of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny any allegations of fact and respectfully refer the Court to the cited statute for its complete content and meaning.

### "Tolling Agreement"

47. Defendants admit the allegations contained in Paragraph "47" of the Complaint.

48. Defendants admit the allegations contained in Paragraph "48" of the Complaint.

49. Defendants admit the allegations contained in Paragraph "49" of the Complaint.

50. Defendants admit the allegations contained in Paragraph "50" of the Complaint.

### "Defendants' Unlawful Pay Practices"

51. Defendants deny the allegations contained in Paragraph "51" of the Complaint.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "52" of the Complaint.

<u>"Employees Who Worked 24-Hours Shifts in a Single Workweek"</u>

53. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "53" of the Complaint.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "54" of the Complaint.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "55" of the Complaint.

56. Defendants deny the allegations contained in Paragraph "56" of the Complaint.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "57" of the Complaint.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "58" of the Complaint.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "59" of the Complaint.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "60" of the Complaint.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "61" of the Complaint.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "62" of the Complaint.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "63" of the Complaint.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "64" of the Complaint.

65. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "65" of the Complaint.

66. Defendants deny the allegations contained in Paragraph "66" of the Complaint.

"Employees Who Only Worked Shifts of Fewer Than 24 Hours in a Single Workweek"

67. Defendants deny the allegations contained in Paragraph "67" of the Complaint.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "68" of the Complaint.

69. Defendants deny the allegations contained in Paragraph "69" of the Complaint.

70. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "70" of the Complaint.

71. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "71" of the Complaint.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "72" of the Complaint.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "73" of the Complaint.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "74" of the Complaint.

75. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "75" of the Complaint.

76. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "76" of the Complaint.

<u>"Employees Who Worked 24-Hour Shifts and Shifts Fewer<br>Than 24 Hours in a Single Workweek"</u>

77. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "77" of the Complaint.

78. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "78" of the Complaint.

79. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "79" of the Complaint.

80. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "80" of the Complaint.

81. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "81" of the Complaint.

82. Defendants deny the allegations contained in Paragraph "82" of the Complaint.

**"Defendants' Unlawful Recordkeeping Practices"**

83. Paragraph "83" of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required Defendants deny any allegations of fact.

84. Paragraph "84" of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required Defendants deny any allegations of fact.

85. Defendants deny the allegations contained in Paragraph "85" of the Complaint.

86. Defendants deny the allegations contained in Paragraph "86" of the Complaint.

87. Defendants deny the allegations contained in Paragraph "87" of the Complaint.

## AS TO THE "FIRST CAUSE OF ACTION"

### Violation of Section 7 and 15(a)(2) of the FLSA, Failure to Pay Overtime

88. Defendants repeat, reiterate and reallege their responses to the allegations of Paragraphs 1 through 87 of the Complaint with the same force and effect as if fully set forth at length herein.

89. Paragraph "89" sets forth a legal conclusion to which no response is required. To the extent a response is required Defendants deny any allegations of fact.

90. Paragraph "90" sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## AS TO THE "SECOND CAUSE OF ACTION"

### Violation of Sections 11(c) and 15(a)(5) of the FLSA, Failure to Keep Records

91. Defendants repeat, reiterate and reallege their responses to the allegations of Paragraphs 1 through 90 of the Complaint with the same force and effect as if fully set forth at length herein.

92. Paragraph "92" of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required Defendants deny any allegations of fact.

## AS TO "WHEREFORE" CLAUSE

Defendants deny the allegations contained in Plaintiff's "WHEREFORE" Clause and subsections (1) through (5) and deny that Plaintiff is entitled to any relief whatsoever.

## ADDITIONAL AVERMENTS

Defendants deny all claims and allegations not unequivocally admitted herein

\* \* \*

## STATEMENT OF AFFIRMATIVE DEFENSES
## AND OTHER DEFENSES

Without assuming any burden of production or proof as to any of the following defenses where the law does not impose such burden on Defendants, Defendants assert the following defenses to Plaintiff's claims:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The claims of Plaintiff and all members of the putative class, as identified in Exhibit A to the Complaint, are barred, in whole or in part, by the applicable statutes of limitation.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The claims of Plaintiff and all members of the putative class, as identified in Exhibit A to the Complaint, are barred, in whole or in part, by the *de minimis* doctrine.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and all members of the putative class, as identified in Exhibit A to the Complaint, are barred, in whole or in part, by consent, waiver, estoppel, laches, or their own unclean hands.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed as to Defendant Davidowitz because he was not an "employer" under the FLSA.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

To the extent Defendants are found to have violated the FLSA, their actions and omissions were taken in good faith.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and all members of the putative class, as identified in Exhibit A to the Complaint, fail to establish any basis for asserting claims for liquidated damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Defendants acted at all times reasonably, prudently, and consistently with any and all duties and obligations imposed upon them by law or otherwise.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

To the extent anyone in the putative class, as identified in Exhibit A to the Complaint, has released claims alleged in the Complaint, their claims are barred by those releases.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

No Defendant was an "employer" of anyone in the putative class, as identified in Exhibit A to the Complaint who operated through the Consumer Directed Personal Assistance Program, under any applicable law including, but not limited to, the FLSA and its implementing regulations as these individuals were independent contractors.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Anyone in the putative class, as identified in Exhibit A to the Complaint, who operated through the Consumer Directed Personal Assistance Program, were not "employees" of any Defendant under any applicable law, including but not limited to, the FLSA and its implementing regulations; rather they were independent contractors.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

To the extent that any act or omission giving rise to this action was done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA, Plaintiff's claims are barred in whole or in part by, <u>inter alia</u>, Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants are not subject to liability for any alleged failure to pay certain amounts of compensation alleged to be owed under the FLSA, and Plaintiff's claims are barred in whole or in part by, <u>inter alia</u>, the Portal-to-Portal Act, because any such act or omission was made in good faith conformity with and in reliance on U.S. Department of Labor written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies, including, but not limited to those regarding the classification of home healthcare workers. *See Darr v. Mutual Life Ins. Co.*, 169 F.2d 262 (2d Cir. 1948); 29 U.S.C. § 259.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which anyone in the putative class, as identified in Exhibit A to the Complaint was engaged in activities which were preliminary or postliminary to their principal activities or incidental to them.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

At all relevant times, Defendants have acted in good faith and with reasonable grounds for believing they had not violated the relevant provisions of federal law within the meaning of 29 USC § 259 and 29 USC §260.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

The complaint is against improper parties.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint lacks the specificity necessary to plead an alleged overtime violation. *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85 (2d Cir. 2013).

\* \* \* \* \* \* \* \*

In addition to the foregoing defenses, Defendants retain the right to amend their Answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiff's as those claims become known during this litigation.

**WHEREFORE**, Defendants request that the Court:

a. dismiss with prejudice Plaintiff's Complaint;

b. deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

c. award to Defendants reimbursement for their costs, including attorneys' fees; and, grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
June 7, 2019

Respectfully submitted,

JACKSON LEWIS, P.C.
*ATTORNEYS FOR DEFENDANTS*
*DEPENDABLE CARE LLC d/b/a*
*HOPETON CARE and YITZI DAVIDOWITZ*
58 S. Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

By: **S/**
BRENDAN SWEENEY, ESQ.
JEFFREY W. BRECHER, ESQ.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 7, 2019, true and correct copies of **DEFENDANTS DEPENDABLE CARE LLC d/b/a HOPETON CARE AND YITZI DAVIDOWITZ's ANSWER TO PLAINTIFF'S COMPLAINT** was served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules, and the Eastern District's Rules on Electronic Service upon the following parties and participants:

FRANCES Y. MA, ESQ.
U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
201 Varick Street, Room 983
New York, NY 11021
(646) 264-3694

LINDA S. AGNEW, ESQ.
HARRAS BLOOM & ARCHER LLP
*ATTORNEY FOR DEFENDANT*
*FARRAH RUBANI*
445 Broad Hollow Road, Suite 127
Melville, New York 11747

By:    **S/**  _____
         BRENDAN SWEENEY, ESQ.

4823-3520-0921, v. 1