UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
EUGENE SCALIA, Secretary of Labor, :
United States Department of Labor,
 :
                                                                                          Civil Action No.
                         Plaintiff, :
             v.                                                      19-cv-1081 (RPK) (ST)
 :
DEPENDABLE CARE LLC d/b/a HOPETON CARE;
FARRAH RUBANI, Individually; YITZI
DAVIDOWITZ, Individually; and DAVID NEUBERG, :
Individually,
 :
                        Defendants.
-----------------------------------------------------------------

## DECLARATION IN SUPPORT OF FORMAL CLAIM OF PRIVILEGE

I, Cheryl Stanton, state the following:

1.     I am the Administrator of the Wage and Hour Division ("Wage and Hour"), United States Department of Labor ("Administrator").

2.     The U.S. Department of Labor is responsible for enforcing the Fair Labor Standards Act of 1938, as amended (the "FLSA" or the "Act"), 29 U.S.C. § 201 *et seq*.

3.     Sections 9 and 11 of the Act provide for the Secretary of Labor (the "Secretary") to conduct investigations of covered employers to determine whether they are in compliance with the Act. 29 U.S.C. §§ 209, 211.

4.     By Secretary's Orders 05-2010, 75 Fed. Reg. 55,352 (Sept. 10, 2010), and 01-2014, 79 Fed. Reg.77,527 (Dec. 24, 2014), the Secretary has, among other things, delegated to the Administrator of Wage and Hour the responsibility of making investigations to determine compliance with respect to the FLSA.

5. Pursuant to that authority, Wage and Hour investigated defendants Dependable Care LLC d/b/a Hopeton Care; Farrah Rubani; and Yitzi Davidowitz's compliance with the FLSA.

6. Based upon the information gathered during the investigation of defendants, including information from employees concerning the number of hours that they worked each week and the compensation they received for their work, the Secretary filed a complaint against defendants Dependable Care, Farrah Rubani and Yitzi Davidowitz alleging violations of the overtime compensation and recordkeeping provisions of the FLSA. The complaint seeks injunctive and monetary relief pursuant to sections 16 and 17 of the Act, 29 U.S.C. §§ 216(c), 217. The Secretary subsequently amended the complaint to include David Neuberg as a defendant.

7. In addition to the orders cited above granting the Secretary the authority to conduct investigations under the FLSA, by Secretary's Order 16-2006, 71 Fed. Reg. 67024 (Nov. 17, 2006), and 05-2010, the Secretary has specifically delegated to the Wage and Hour Administrator, the authority to formally invoke any necessary governmental claim of privilege.

8. During the course of litigation, the parties have engaged in written discovery. As part of this process, the Secretary produced documents responsive to Defendants' Dependable Care, Yitzi Davidowitz, and David Neuberg's ("Defendants" herein) requests for production, but redacted certain portions of the documents produced because the information contained in such portions was protected from disclosure pursuant to the government informant privilege, deliberative process privilege, and investigative techniques/law enforcement privilege, among other privileges.

9. The Secretary claimed the informant privilege in response to Defendants' requests to the extent that the documents tended to reveal the identity of the Wage and Hour Division's informants. The Secretary redacted all of the identifying information from employee statements or

notes, except where the Secretary had permission to use the employee's name, and any other documents in which informants' identifying information was discussed, and produced minimally redacted copies to defendants in response to their requests and a corresponding privilege log.

10. The Secretary claimed the deliberative process privilege in response to Defendants' requests to the extent that the documents tended to reveal pre-decision intra-agency deliberations of Wage and Hour; recommendations, opinions and advice on legal or policy matters; written summaries of factual evidence that reflect a deliberative process; drafts that reflect a deliberative process; and portions of emails reflecting a deliberative process, including the identities of certain individuals consulted.

11. The Secretary claimed the investigatory files privilege in response to Defendants' requests to the extent that the documents tended to disclose the manner in which the U.S. Department of Labor compiles data regarding alleged wage violations, and its techniques and procedures for investigating and analyzing alleged violations, including agency forms and templates, portions of emails and drafts of documents where specific investigation protocol or methods are discussed, and some portions of emails that discuss unrelated investigations.

12. On July 28, 2020, Defendants filed a letter motion to compel requesting that the court "1) direct the Secretary to produce unredacted copies of any documents that were withheld based on the DPP [deliberative process privilege]; and (2) conduct an *in camera* review of the other documents that have been withheld."

13. This Declaration is submitted in support of the Secretary's response to Defendants' motion to compel.

14. I have personally reviewed the facts of this case and relevant parts of the investigation file and emails that were produced to defendants, including documents, materials,

and information that have been withheld or redacted by the Secretary, which the Secretary wishes to protect.

15. Complainants and other employees are reluctant to come forward to the U.S. Department of Labor with information about violations of the FLSA unless they are assured that their identities will not be revealed. Revealing their identities or information that would tend to reveal their identities would adversely affect employees who have provided information to the U.S. Department of Labor and would deter other persons from reporting a violation of law delegated or assigned to the Secretary, or would otherwise deter other persons from cooperating with the U.S. Department of Labor's enforcement efforts. Therefore, the U.S. Department of Labor encourages current and former employees to provide full disclosure of violations of the Act by assuring them that their identities will be kept confidential. Such confidentiality is essential to protect the public interest in the efficient enforcement of the Act and to protect the current and former employees against retaliation and discrimination.

16. Defendants have requested documents in discovery that include employee interview statements, correspondence between employees and the Administrator's personnel, investigator's notes of information received from employees, internal correspondence, and similar documents that would reveal the identities of individuals from whom information was sought and/or who cooperated with this U.S. Department of Labor investigation and litigation. Revealing their identities would adversely affect persons who have provided information to the U.S. Department of Labor and deter other persons from reporting a violation of law delegated or assigned to the Administrator.

17. To protect the public interest in the proper enforcement of the FLSA and to prevent the adverse impact on such enforcement, I hereby invoke the government informant privilege to

protect from disclosure the identities of the individuals who have provided information to the U.S. Department of Labor in the instant case.

18. The investigation narrative report, related notes, drafts, and internal correspondence between and/or among the investigator, government attorneys, and/or Wage and Hour managers or National Office personnel, encompassed in Defendants' requests in discovery, contain information that would reveal the internal deliberations of Wage and Hour prior to the decision to commence legal action, as well as prior to decisions made after the instant legal action commenced, including: the pre-decision intra-agency deliberations of Wage and Hour; recommendations, opinions and advice on legal or policy matters; written summaries of factual evidence that reflect a deliberative process; drafts that reflect a deliberative process; and portions of emails reflecting a deliberative process, including the identities of certain individuals consulted.

19. To protect and promote candid discussions within the agency, I hereby invoke the deliberative process privilege to protect from disclosure deliberative process information contained in such documents in the instant case. I have determined that: (1) the information at issue was generated prior to and in contemplation of a decision by a part of the U.S. Department of Labor; (2) the information is not purely factual; and (3) disclosure of the privileged matter would have an inhibiting effect on the agency's decision-making processes.

20. Defendants have requested documents prepared by the investigator or other Wage and Hour employees, such as correspondence between Wage and Hour employees, which would disclose the manner in which the Department compiles data regarding alleged wage violations, and its techniques and procedures for investigating and analyzing alleged violations, including agency forms and templates, portions of emails and drafts of documents where specific investigation protocol or methods are discussed, and some portions of emails that discuss unrelated

investigations. This type of sensitive internal information is protected by the investigative files privilege. Release of such information would provide insights not only into the manner in which this investigation was conducted but would threaten future investigations by revealing internal agency procedures and analysis to potential violators.

21.	To protect the public interest in the proper enforcement of the FLSA, and to prevent the adverse impact on such enforcement, I hereby invoke the investigative files privilege to protect from disclosure the manner in which this investigation was conducted and internal agency procedures and analysis utilized in this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under that the foregoing is true and correct.

Executed this 17TH day of August 2020.

*Cheryl M. Stanton* (signature)
Cheryl M. Stanton
Administrator
Wage and Hour Division
U.S. Department of Labor